UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| SEAN VEST, )<br>)<br>Petitioner )<br>)<br>vs. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent ) | CAUSE NO. 3:07-CV-112 RM<br>(Arising out of 3:05-CR-113(01) RM) |

OPINION and ORDER

Sean Vest pleaded guilty to Count 1 of a two-count indictment charging him with distribution of cocaine in violation of 21 U.S.C. § 841(a)(1), and was sentenced on March 7, 2006 to a term of 151 months' imprisonment, to be followed by a five-year term of supervised release. Mr. Vest is now before the court requesting that his sentence be vacated pursuant to 28 U.S.C. § 2255.

The rules governing petitions filed under 28 U.S.C. § 2255 provide that once a motion is filed,

> The motion, together with all the files, records, transcripts, and correspondence relating to the judgment under attack, shall be examined promptly by the judge to whom it is assigned. If it plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief in the district court, the judge shall make an order for its summary dismissal and cause the movant to be notified.

Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District Courts.

Mr. Vest's plea agreement reveals that he waived his right to appeal his conviction and sentence and to contest his conviction and sentence in a § 2255 proceeding. Mr. Vest's plea agreement, signed by Mr. Vest, his attorney Robert Truitt, and Assistant United States Attorney Donald Schmid contains the following language in paragraph 9(d):

> (d) . . . I am aware that my sentence will be determined in accordance with the United States Sentencing Guidelines and this plea agreement. I agree that the court has jurisdiction and authority to impose any sentence within the statutory maximum set for my offense(s) as set forth in this plea agreement. With that understanding, I expressly waive my right to appeal my conviction, my sentence and any restitution order to any court on any ground, including any claim of ineffective assistance of counsel. I also agree not to contest my conviction, my sentence, any restitution order imposed, or the manner in which my conviction, the sentence or the restitution order was determined or imposed on any ground including any alleged ineffective assistance of counsel in any appeal under Title 18, United States Code, Section 3742 or in any post-conviction proceeding, including but not limited to, a proceeding under Title 28, United States Code, Section 2255.

Despite the waivers and admissions in his plea agreement, Mr. Vest now challenges his sentence based, first, on his claim that counsel's ineffective assistance "affected the outcome of the sentencing;" second, the plea agreement and his guilty plea are invalid because counsel advised him that he would receive a much lower sentence than the one he received; third, the court lacked jurisdiction to sentence him as a career offender; fourth, his state burglary convictions are not crimes of violence; and, lastly, his sentence was wrongfully imposed because "an enhancement for career offender . . . cannot possibly have

been an option at sentencing without its first being admitted by the defendant or proved by a jury." [Memo., at 11.]

A plea agreement containing a waiver of the right to appeal and file a petition under § 2255 can be collaterally attacked in a limited number of circumstances, including challenges based upon contractual grounds such as mutual mistake or breach, United States v. Cook, 406 F.3d 485, 487 (7th Cir. 2005), or when a defendant claims the waiver was involuntary or counsel was ineffective in negotiating the agreement. Mason v. United States, 211 F.3d 1065, 1069 (7th Cir. 2000).

Mr. Vest hasn't alleged a breach of the plea agreement by the government or argued that his counsel was ineffective in negotiating the plea agreement or the waiver provision of the agreement. Mr. Vest complains that counsel "failed to enter an objection to two previous burglaries which the probation service used to enhance petitioner's sentence," didn't accompany him to an interview with the Probation Department, and advised him he wouldn't receive a sentence in excess of 21-27 months. [Memo., at 3.] Even though Mr. Vest has couched those claims in terms of ineffective assistance of counsel, his claims relate to his disagreement with the length of his sentence. Mr. Vest agreed in his plea agreement to not contest his conviction or sentence or the manner in which the conviction or sentence was determined or imposed on any ground including any alleged ineffective assistance of counsel.

3

To the extent Mr. Vest's claims of ineffective assistance of counsel could be construed as relating directly to the negotiation of the plea agreement, he can't succeed on his petition. "To prevail on his ineffective assistance claim, [Mr. Vest] must demonstrate that his counsel's performance fell below an objective standard of reasonableness, and that '[t]he [alleged] deficient performance prejudiced the defense.' In order to satisfy the prejudice prong, [Mr. Vest] must establish that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Taylor v. Bradley, 448 F.3d 942, 948 (7th Cir. 2006) (*quoting* Strickland v. Washington, 466 U.S. 668, 687-688, 694 (1984)). "Prejudice in the context of a guilty plea requires a showing that but for counsel's deficient performance, [Mr. Vest] would not have pleaded guilty." Galbraith v. United States, 313 F.3d 1001, 1008 (7th Cir. 2002).

Mr. Vest hasn't alleged he wouldn't have pleaded guilty had counsel acted differently, United States v. Peterson, 414 F.3d 825, 827 (7th Cir. 2005), nor has he demonstrated prejudice: he hasn't identified evidence that would have created a reasonable probability of a different outcome and he hasn't outlined facts that could establish that the proceedings were fundamentally unfair or the result unreliable. Mr. Vest hasn't carried his burden with respect to the prejudice prong.

Mr. Vest's remaining claims – that the court lacked jurisdiction to sentence him as a career offender, his state burglary convictions aren't crimes of violence, and his career offender status couldn't have been an option at sentencing without its first being admitted or proven to a jury – don't relate to the negotiation of the

4

waiver of his right to file a § 2255 petition, and, therefore, those claims are foreclosed by his plea agreement, in which he expressly waived his right to file a § 2255 petition or challenge his conviction and sentence and the manner in which the conviction and sentence were determined or imposed on any grounds.[1] United States v. Cieslowski, 410 F.3d 353, 364 (7th Cir. 2005).

While a sentence greater than the statutory maximum sentence for a defendant's crime can be challenged even if the defendant executed a blanket waiver of his appeal rights, United States v. Bownes, 405 F.3d 634, 637 (7th Cir. 2005), Mr. Vest's sentence was not in excess of the 20-year maximum for violation of 21 U.S.C. § 841(a)(1).

Based on the foregoing, Mr. Vest isn't entitled to the relief he seeks. His petition filed pursuant to 28 U.S.C. § 2255 [filed March 19, 2007] is SUMMARILY DISMISSED.

---

[1] Even if the court were to consider Mr. Vest's remaining claims, he wouldn't be entitled to the relief he seeks because those claims are without merit. His reliance on the notice requirement of 21 U.S.C. § 851(a) is misplaced, see United States v. Spence, 450 F.3d 691, 695 (7th Cir. 2006) (Section 851 "does not apply when the district court sentences a defendant under the guidelines to an increased sentence within the statutory range."). Mr. Vest is mistaken that his two prior burglary convictions weren't crimes of violence under Indiana law: Ind. Code § 35-47-4-5(b)(15) defines "serious violent felony" as including burglary as a Class A felony or Class B felony. Mr. Vest was convicted of residential burglary as a Class B felony in November 1994 and residential burglary as a Class B felony in January 1997. His claim that his state court convictions "should not be used to enhance his sentence" [Memo., at 10] is without merit. And, lastly, United States v. Booker provides no support for Mr. Vest's claim that his sentence was wrongly enhanced because his career offender status wasn't admitted or proven to a jury. In reaffirming its holding in Apprendi v. New Jersey, 530 U.S. 466, 490 (2000), the Supreme Court concluded that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." United States v. Booker, 543 U.S. 220, 244 (2005). Mr. Vest's career criminal status was properly based on his two prior convictions for crimes of violence.

5

SO ORDERED.

ENTERED:   March 30, 2007   


　　　　　　　　　　　　　　　　　　/s/ Robert L. Miller, Jr.　　　　　　
　　　　　　　　　　　　　　　　Chief Judge
　　　　　　　　　　　　　　　　United States District Court


cc:　　S. Vest
　　　　D. Schmid